IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CYNTHIA E. FOXWORTH, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action Number 3:05CV643-JRS |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff, Cynthia E. Foxworth's ("Plaintiff") Motion for Leave to File an Amended Complaint. For the reasons to follow, Plaintiff's Motion for Leave to File an Amended Complaint is hereby GRANTED.

### I. Background

Plaintiff has brought a claim for medical malpractice under the Federal Tort Claims Act, ("FTCA") 28 U.S.C. § 2675. Her claim arises out of an operation performed at the now defunct Naval Regional Medical Center in Philadelphia, a branch of the Department of the Navy.

Plaintiff alleges that on January 8, 1976, she was admitted to the Medical Center for a laparoscopic tubal ligation. She claims she was presented with a Consent Form for the tubal ligation and that a Dilation and Curettage ("D & C") procedure was not contemplated or listed on the consent form at the time she signed it. On January 9, 1976, Plaintiff underwent a laparoscopic tubal ligation. At the same time, the Government performed a D & C procedure. Plaintiff alleges the D & C procedure was without her knowledge or consent.

As Plaintiff recovered from surgery, the Naval physicians suspected continued internal bleeding, and advised Plaintiff of the need for an exploratory laparotomy. Plaintiff further alleges she was not informed of a possible total abdominal hysterectomy and/or bilateral salpingectomy which were also performed in connection with the laparotomy. Due to serious blood loss, the Government transfused two units of blood into Plaintiff. In July 2002, Plaintiff alleges she discovered she had the Hepatitis C virus. She alleges she contracted the virus from the blood transfusion she received in 1976.

On March 10, 2004, Plaintiff filed an administrative claim for "Damage, Injury, or Death" pursuant to 28 U.S.C. § 2675 with the Naval Legal Service Office. By letter dated February 9, 2005, the Naval Legal Service Office informed Plaintiff that her administrative claim had been denied. On April 13, 2005, Plaintiff filed a pro se complaint under the FTCA in the Eastern District of Pennsylvania. The Complaint alleged she needed a blood transfusion because of complications caused by the Navy physicians performing surgery. She further alleged she was informed she contracted the Hepatitis C virus from the 1976 blood transfusion. The Complaint seeks $500,000 in damages. The case was subsequently transferred to this Court from the Eastern District of Pennsylvania based on *forum non conveniens*. On June 9, 2006, Plaintiff, who is now represented by counsel, sought leave of court to file an amended complaint and increase the *ad damnum* clause.

Plaintiff's Amended Complaint seeks to add claims for medical battery and lack of informed consent. Plaintiff also seeks to increase the amount of damages sought from $500,000 to $5,500,000.

## II. Discussion

The standard for granting leave to amend a civil complaint is very liberal. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Sweetheart Plastics, Inc., v. Detroit Forming, Inc., 743 F.2d 1039, 1043 (4th Cir. 1984) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). In applying Federal Rule of Civil Procedure 15(c), the Fourth Circuit has held that an amended complaint relates back to the original complaint if there is a factual nexus. In addition, an amended claim is liberally construed to relate back to the original complaint if the Defendant had notice of the claim and will not be prejudiced by the amendment. Grattan v. Burnett, 710 F.2d 160, 163 (4th Cir. 1983). The pleading requirements are further relaxed and liberally interpreted when a Plaintiff is unrepresented, as this Plaintiff was at the time of filing her Complaint. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

### A.   Adding Medical Battery and Informed Consent to Plaintiff's Complaint

Under the FTCA, federal jurisdiction over damages suits against the United States depends upon claimants presenting to the appropriate federal agency (1) written notice sufficient to cause the agency to investigate and (2) a claim that asserts a sum-certain value. Ahmed v. United States, 30 F.3d 514, 517 (4th Cir. 1994). While Plaintiff must provide sufficient written notice to the agency, she is not required to specifically enumerate legal theories of recovery in her administrative claim. Frantz v. United States, 29 F.3d 222, 224 (5th Cir. 1994). All that an administrative claim requires to put an agency on notice of theories of liability, is that the theory put forward in the complaint be

based on the facts that are stated in the administrative claim. Burchfield v. United States, 168 F.3d 1252, 1257 (11th Cir. 1999). The purpose of 28 U.S.C. § 2675 "will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." Id. (citing Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980)). Accordingly, although Plaintiff's claim did not specifically articulate the legal claims of lack of informed consent to perform certain procedures, or medical battery, if the Government's investigation of her claim should have revealed these theories of liability, they can be considered part of the claim.

Plaintiff contends that amending the Complaint will not unduly prejudice the United States. She asserts the amended claims are grounded in the same conduct, transaction, or occurrence that form the basis of the original claims—the surgery and blood transfusion in January 1976. Plaintiff alleges she recently learned a D & C procedure was performed on her without her consent. Plaintiff could not have alleged medical battery and negligence until she learned that the D & C was performed on her without her consent, which was after she had filed both her Complaint and her administrative claim.

Defendant argues that amending Plaintiff's Complaint to assert medical battery and informed consent claims would be futile as Plaintiff's administrative claim and her original complaint only state a claim for negligence based on an alleged deviation from the standard of care. Defendant claims that the administrative claim did not apprise it of the possible existence of a claim for medical battery or lack of informed consent.

Despite the late yet vital emergence of Plaintiff's consent form, the Government contends Plaintiff should have known of, or did know the D & C procedure occurred, as it is listed as one of

4

the procedures on her medical records. This contention is belied by the fact that Plaintiff claimed she did not have access to the relevant Consent Form until January 2006, a year and a half after filing her administrative claim. The portion of medical records received by the Plaintiff in November 2003 did not contain the Consent Form, and led Plaintiff to believe the D & C was performed without complications. Plaintiff further alleges the Consent Form may have been manipulated.

For its position, Defendant relies on Bush v. United States, 703 F.2d 491 (11th Cir. 1983), where the federal court found an administrative claim did not satisfy the requirements of the FTCA, by not challenging the consent form. In Bush, unlike the instant case, the Plaintiff had access to the Consent Form prior to filing her administrative claim or her Complaint. Here, Plaintiff alleges that she had not even received a copy of the Consent Form from the Government until well after filing her administrative claim. Plaintiff claims her medical records had led her to believe that her hysterectomy and excessive bleeding stemmed from complications from the procedure she consented to—laparoscopic tubal coagulation, rather than the procedure she did not consent to—the D & C.

Defendant's reliance on Staggs v. United States, 425 F.3d 881, 883 (10th Cir. 2005) which held the district court lacked subject matter jurisdiction to consider claims for medical battery if the claim was not first mentioned in the administrative claim is not directly on point. In Staggs, the district court excluded evidence regarding informed consent at trial because it was not mentioned in *either* the administrative claim, or the "very detailed complaint." Id. at 883–84. Here, Plaintiff attempts to amend her original bare bones Complaint to include related claims based on new information provided to her.

Despite the Defendant's claim it received no notice of the informed consent and medical battery claims, it should be noted, that Defendant had custody of the medical records that form the

5

basis of Plaintiff's motion to amend her complaint, including the Consent Form. Plaintiff's administrative claim asserted the general facts available to her at the time. Her claim asserts she went to the hospital to receive a tubal ligation, and "because of excessive bleeding due to negligence, [she] had to have a hysterectomy." Def. Opp. to Pl. Mot. Ex. A. A complete investigation by the Defendant would have indicated the potentiality of a medical battery claim and lack of informed consent claim. At the very least, Defendant had constructive notice of such claims.

Plaintiff has demonstrated that she recently became aware of evidence supporting her claim of lack of informed consent and medical battery. For almost twenty-six years, Plaintiff relied on an incomplete record, which was not sufficient to bring to her attention the magnitude of her instant claims against the Government. Plaintiff was not fully aware of the relative importance of the D & C procedure and causal connection to her excessive bleeding until she received her complete medical records from the Government. Accordingly, Plaintiff is entitled to amend her Complaint to add the related counts against the Defendant.

   **B.**  **Increasing the *Ad Damnum***

Plaintiff proposes to increase her *ad damnum* from $500,000 to $5,500,000. Plaintiff timely filed her administrative claim seeking $500,000 with the United States, Department of the Navy, which was subsequently rejected. The Defendant bases its objection to the increased *ad damnum* on the "sum certain" requirement of the FTCA. Plaintiff cannot claim "any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). A discrepancy between the amount of damages claimed in the

6

administrative claim and this lawsuit will not bar the suit itself. <u>Erxleben v. United States</u>, 668 F.2d 268, 273 (7th Cir. 1981).

As an exception to the sum certain requirement, Plaintiff claims the newly discovered evidence is that the D & C procedure was performed on her without her informed consent. Plaintiff further claims her Consent Form was altered regarding the D & C, which is an intervening fact relevant to her allegations and damages. Plaintiff claims the increased *ad damnum* is justified due to her entrusting her healthcare providers with her body, only to be "mishandled," misled, and causing increasing pain and suffering.

Defendant opposes the increased *ad damnum* because it claims the Plaintiff can not establish that the increase she seeks is justified by unforeseeable newly discovered evidence or intervening facts. Defendant claims Plaintiff knew about the D & C procedure at the time she filed her administrative claim. Defendant points out that Plaintiff attached medical records to her administrative claim that indicated a D & C was performed.

Defendant overlooks Plaintiff's contention that she failed to give consent for the D & C that was performed on her. Plaintiff recently recovered from the Government's possession, the evidence to support such an assertion. This contention, if found to be true, represents a violation of trust by the Defendant. The recent knowledge of the deception by her health care providers has likely caused her increased pain and suffering.

The difference in circumstances between when Plaintiff filed her administrative claim and Complaint warrant a different result. Accordingly, Plaintiff is entitled to increase the *ad damnum* clause in her Amended Complaint.

**Conclusion**

For all the foregoing reasons, Plaintiff's Motion to Amend the Complaint is hereby GRANTED. An accompanying Order shall issue.

                                        /s/    James R. Spencer
                                    CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this  17th  day of July 2006